UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

JAMES DOBBS, Petitioner,

v. No. 4:20-cv-00222-TWP-DML

STATE OF INDIANA, Respondent.

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORUPUS**

Petitioner James Dobbs was convicted of one count of dealing in cocaine in Indiana cause number 69C01-0708-FA-003. Dobbs now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising six grounds for relief. Dobbs's Fourth Amendment claim is barred by *Stone v. Powell*, 428 U.S. 465 (1976), and his other claims are either not cognizable or procedurally defaulted. Therefore, Dobbs's petition for a writ of habeas corpus is **denied**, and a certificate of appealability will not issue.

## I. Background

Federal habeas review requires the Court to "presume that the state court's factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence." *Perez-Gonzalez v. Lashbrook*, 904 F.3d 557, 562 (7th Cir. 2018); *see* 28 U.S.C. § 2254(e)(1). On direct appeal, the Indiana Court of Appeals summarized the relevant facts as follows:

> On August 23, 2007, Indiana State Police Trooper James Wells came on duty at the Versailles post where he was briefed by State Police Detective Grant Martin and Trooper Chris Richey about an ongoing drug investigation involving Dobbs. Posing as a drug buyer, Detective Martin provided Dobbs with $1,100.00 in buy money to obtain one ounce of cocaine. Detective Martin planned to allow Dobbs to

> purchase the cocaine, then conduct a traffic stop of his vehicle when he returned. Dobbs called Detective Martin to let him know that he had purchased the cocaine, and the two men agreed that Dobbs would deliver the drugs at a designated meeting place. Detective Martin alerted Troopers Wells and Richey about the place and time of the drug delivery.
>
> Trooper Wells and Trooper Richey, who was a canine handler with the Indiana State Police, waited on Interstate 74 for Dobbs's vehicle to arrive in the area. When the troopers saw Dobbs's vehicle pass, they observed Rhonda Dobbs driving the vehicle while Dobbs was seated in the passenger seat. The troopers knew that Rhonda's operator's license had been suspended. The troopers initiated the traffic stop, and separated Dobbs from Rhonda after she stopped the vehicle, with Rhonda standing at the back of the vehicle, and Dobbs remaining seated in the vehicle. Trooper Richey interviewed Rhonda while Trooper Wells interviewed Dobbs. Rhonda told Trooper Richey they were returning from Cincinnati after car shopping. Dobbs claimed that they had been in Cincinnati visiting Rhonda's friends.
>
> Trooper Richey asked Rhonda for consent to search the vehicle, which she refused. Trooper Richey used his canine, Heico, to sniff around the vehicle, and Heico "alerted to the odor of narcotics or drugs coming from the passenger compartment of the vehicle at the driver's side door seam right near the window." Tr. at 438. While Heico was sniffing the vehicle, Trooper Richey saw Dobbs, who was still seated in the vehicle, make furtive hand movements. Trooper Wells removed Dobbs from the vehicle, handcuffed him, and patted him down for officer safety. Trooper Richey searched the trunk of the vehicle where he found digital scales, a butane torch, and Chore–Boy brillo pads consistent with the use of crack cocaine. Based on the canine alert, Trooper Wells conducted a second, more thorough search of Dobbs's person. Trooper Wells lifted Dobbs's shirt revealing a piece of plastic visible near Dobbs's waist, which another trooper pulled from Dobbs's pants. The item was a plastic bag containing a white, rock-like substance. Almost contemporaneously with that discovery, Dobbs gave the troopers a metal crack-pipe, stating to the troopers that it was "good dope." *Id.* at 409. The bag was later determined to contain 22.64 grams of cocaine.
>
> The State charged Dobbs with dealing in cocaine, a Class A felony, and possession of cocaine, a Class C felony. Prior to trial, the State dismissed the count charging Dobbs with possession of cocaine. After a jury trial, Dobbs was found guilty of dealing in cocaine, a Class A felony. The trial court sentenced Dobbs to forty years in the Department of Correction, with five years suspended to probation, and ordered the sentence to be served concurrently with Dobbs's sentence in another matter.

*Dobbs v. State*, 905 N.E.2d 1100, 2009 WL 1124967, *1–2 (Ind. Ct. App. Apr. 27, 2009).

On direct appeal, Dobbs challenged the admission of the cocaine from his pants and his sentence. *Id.* at *2–6. The Indiana Court of Appeals affirmed his conviction and sentence, *id.*, and the Indiana Supreme Court denied his petition for transfer, dkt. 10-2 at 3; dkt 10-7.

Dobbs then filed a petition for post-conviction relief in state court alleging that his trial counsel was ineffective. Dkts. 10-11, 10-12. The post-conviction court denied relief, dkt. 10-11 at 4–5, 13, and Dobbs's subsequent appeal was dismissed because he never filed an appellate brief, dkts. 10-14, 10-15. [1]

Dobbs then filed the instant petition for a writ of habeas corpus. The petition raises the following grounds for relief:

1. The trial court committed fundamental error when it allowed the state to introduce evidence of prior bad acts;
2. Multiple convictions for the same act violated double jeopardy;
3. The trial court improperly aggravated Dobbs's sentence;
4. The trial court improperly admitted evidence in violation of the Fourth Amendment;
5. Dobbs was denied an attorney at his initial arraignment; and
6. Dobbs did not receive his *Miranda* rights upon arrest.

Dkt. 1 at 5.

## II. Discussion

Respondent argues that Dobbs's petition should be dismissed with prejudice. Dobbs did not respond to the motion to dismiss, despite being provided an extension of time to do so. Dkts. 11,

[1] Dobbs actually filed two petitions for post-conviction relief which resulted in confusion and duplicative efforts in state court. *See* dkts. 10-8–10-15. Because Dobbs does not raise ineffective assistance of counsel in his habeas petition, the Court need not delve into the details.

12. For the following reasons, the Court agrees with Respondent.

**A. Ground Four Is Barred by *Stone v. Powell***

A petitioner asserting a claim based on the Fourth Amendment must show more than a mere constitutional violation. He must show that the state courts did not provide "an opportunity for full and fair litigation" of his Fourth Amendment claim. *Stone v. Powell*, 428 U.S. 465, 494 (1976). So long as the state court "heard the claim, looked to the right body of case law, and rendered an intellectually honest decision," federal habeas review is precluded. *Monroe v. Davis*, 712 F.3d 1106, 1115 (7th Cir. 2013).

To determine whether the state courts provided "an opportunity for full and fair litigation," this Court looks to the Indiana Court of Appeals' memorandum decision, as it was the last state court decision to address the merits of Dobbs's Fourth Amendment claim. *Stone*, 428 U.S. at 494; *Monroe*, 712 F.3d at 1115−16 (finding that appellate court's analysis, which did not repeat trial court's error, was the "decision which matters for purposes of habeas review").

Here, the Indiana Court of Appeals considered Dobbs's claim, relied on relevant Supreme Court precedent, and reached an intellectually honest decision. *See Dobbs*, 2009 WL 1124967 at *2–3 (holding the search was incident to a lawful arrest and supported by probable cause following a positive canine alert and Dobbs's furtive movements) (citing *United States v. Robinson*, 414 U.S. 218 (1973); *Terry v. Ohio*, 392 U.S. 1 (1968), *United States v. Arvizu*, 534 U.S. 266 (2002), and *Illinois v. Caballes*, 543 U.S. 405 (2005)). Accordingly, Dobbs's fourth ground for relief is **denied**. *See Stone*, 428 U.S. at 494.

**B. Grounds One and Three Are Not Cognizable**

Federal habeas corpus relief is available only to petitioners in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Accordingly, "[e]rrors of state

law in and of themselves are not cognizable on habeas review." *Samuels v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008) (citation and quotation marks omitted). Dobbs's first ground—that the trial court impermissibly allowed the state to introduce evidence of prior bad acts—is based on Indiana Evidence Rule 404(b). It is not entirely clear whether Dobbs's third ground alleges that the trial court abused its discretion by enhancing his sentence or that his sentence was inappropriate based on Indiana Appellate Rule 7(B). *See* dkt. 1 at 5 ("(3) The enhancement of the sentence did warrant a full aggravated sentence."). Regardless, his sentencing challenge is rooted in state law and raises no federal constitutional issue. Accordingly, grounds one and three are **denied** because they are not cognizable.

**C. Grounds Two, Five, and Six Are Procedurally Defaulted**

If a state prisoner raises a claim on federal habeas review without first presenting it through "one complete round of the State's established appellate review process," that claim is procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also Hicks v. Hepp*, 871 F.3d 513, 530−31 (7th Cir. 2017). "This includes presenting the claims to the state's highest court in a petition for discretionary review." *Hicks*, 871 F.3d at 530. A petitioner cannot obtain relief on a procedurally defaulted claim without showing either "cause and prejudice" to excuse the default or "that the court's failure to consider the defaulted claim would result in a fundamental miscarriage of justice." *McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013).

Dobbs did not present ground two (double jeopardy claim), ground five (lack of attorney at initial arraignment), or ground six (lack of *Miranda* warning) to the Indiana Supreme Court. Dobbs does not provide any argument to excuse the default. Accordingly, these three grounds must be **denied** as procedurally defaulted.

## III. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, the petitioner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a claim is resolved on procedural grounds (such as procedural default), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim and about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." No reasonable jurist could dispute that ground four is barred by *Stone*, that grounds one and three are not cognizable, or that grounds two, five, and six are procedurally defaulted. Therefore, a certificate of appealability is **denied**.

## V. Conclusion

Respondent's motion to dismiss, dkt. [10], is **granted**. Dobbs's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **denied**, and a certificate of appealability shall not issue.

Final Judgment in accordance with this decision shall issue.

**IT IS SO ORDERED.**

Date: 6/11/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES DOBBS
191496
CHAIN O LAKES
3516 E 75 S
Albion, IN 46701

All Electronically Registered Counsel